UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOSELL THOMAS and VERNA THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>JERSEY MORTGAGE CO., AURURA LOAN SERVICE LLC, SETERUS, and FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>Defendants. | Civ. No. 2:13-0648<br>(KM)(MAH)<br><br>MEMORANDUM OPINION |

**MCNULTY, U.S.D.J.:**

The Complaint in this action, Docket No. 1, brought by *pro se* Plaintiffs Mosell and Verna Thomas, alleges fraud and other acts in connection with a mortgage closing. Before this Court are Motions to Dismiss the Complaint, brought by Defendants Seterus and the Federal National Mortgage Association ("Fannie Mae"), Docket No. 4, Aurora Loan Service, LLC, Docket No. 6, and Jersey Mortgage Co ("Jersey Mortgage"), Docket No. 7. Giving the *pro se* Complaint a liberal reading, as I must, I find that the Thomases have stated a claim on which relief may be granted. Further factual development is required in order for this Court to fully consider the proper disposition of Plaintiffs' claims. Defendants' Motions to Dismiss will therefore be denied.

Plaintiffs, the Thomases, allege that Defendants committed various acts in conjunction with a mortgage closing in violation of various statutory provisions and/or the common law. The Complaint, Docket No. 1 ("Compl."), alleges that, beginning in June 2006, Defendants violated the "federal TILD (Laws)," (I take this to be a reference to the Truth in Lending Act ("TILA")); United States fraud laws, "US 15.4.6"; fraud and civil conspiracy laws, "15:4.6.2, 15.4.6.6"; and "7.7 breach of contract." Compl. at 2. The pleading is not artful, but it is clear that Plaintiffs intend to allege that Jersey Mortgage Co. quoted one mortgage interest and closing cost rate, but then increased the

1

mortgage interest rate and doubled closing costs. Plaintiffs allege that a foreclosure on their house resulted, and that their physical and mental wellbeing, as well as their credit standing, has deteriorated. Compl. at 4.

The Defendants, Jersey Mortgage Co, Aurora Loan Service, LLC, Seterus, and Fannie Mae have moved to dismiss Plaintiffs' Complaint. Defendants raise arguments that may prove dispositive upon further development of the record. I nevertheless find that Plaintiffs have alleged a cause of action and I will deny Defendants' Motions to Dismiss at this time.

## I. BACKGROUND

Mosell and Verna Thomas, filed their Complaint on January 31, 2013. The following factual allegations can be gleaned from the Complaint: The Thomases applied for a mortgage with Jersey Mortgage in or around June 2006. Jersey Mortgage Co. quoted one interest rate, but the mortgage terms, as executed, charged a higher interest rate. Additionally, Jersey Mortgage doubled the closing costs and hired the Thomases' then-attorney to represent it at the closing, leaving them "without legal representation." At some point thereafter, Aurora Loan Service purchased the mortgage from Jersey Mortgage and/or serviced it, Seterus serviced the mortgage, and Fannie Mae ultimately bought the mortgage. Compl. at ¶¶ 1-5. It appears that the primary alleged events giving rise to Plaintiffs' claims occurred during the negotiation and execution of the mortgage in 2006. The Complaint alleges, however, that the events giving rise to their claims started in June 2006 and continue "to present." *Id.* at 3.

## II. THE APPLICABLE STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly*, see infra).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the

complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Moreover, when the plaintiff is proceeding pro se, the complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Defendants also argue for dismissal for lack of jurisdiction under Federal Rule 12(b)(1). Rule 12(b)(1) challenges may be either facial or factual attacks. See 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen*, 549 F.2d at 891 (3d Cir. 1977). A facial challenge, which this appears to be, asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

## III. DISCUSSION

The Complaint alleges that the Thomases were quoted one mortgage interest rate, but charged another. In addition, they were required to pay twice the estimated closing costs. This, they allege, was the result of fraud by the Defendants. They also allege that their then-attorney was hired by Jersey Mortgage, depriving them of counsel (the sense may be that they were deprived of conflict-free counsel). They allege damages, including the foreclosure of their home and deterioration of their credit and health.

Defendants argue that it is not wholly clear under what statutory provisions Plaintiffs' claims arise. Defendants have a point. I am required, however, to give the Thomases' pleading a liberal reading. The Complaint plausibly alleges facts that may, if proven, establish claims of violation of the

3

Truth in Lending Act, 15 U.S.C § 1601 *et seq.*, breach of contract, fraud, or other causes of action.

Defendants' motions raise various grounds for dismissal, including failure to state a claim, lack of subject matter jurisdiction, and lack of personal jurisdiction. As a preliminary matter, Defendants argue that they are unable to decipher the legal basis for Plaintiffs' claims on the face of the Complaint. More specifically, Defendants submit that Plaintiffs were on notice of any alleged changes in the terms of the mortgage prior to the execution of the mortgage, were presumed to have read the documents, and willingly entered in the mortgage under those terms. Accordingly, as argued by Defendants, the facts alleged by the Thomases fail to support any violations of the law. Defendants also argue that there is no cognizable cause of action stemming from the alleged fact that Jersey Mortgage hired Plaintiffs' then-attorney to represent it at the closing. Moreover, Aurora, Fannie Mae, and Seterus contend that their alleged purchasing and/or servicing of the mortgage in question do not give rise to any cause of action or actual controversy. Finally, all Defendants maintain that any cognizable claims are barred by the applicable statutes of limitation.

The Court recognizes that Defendants raise valid considerations that likely must be addressed in order to resolve the instant action. Precedent and principles of justice, however, demand that *pro se* pleadings are not to be held to the same exacting standard as pleadings produced by lawyers. *See Erickson*, 551 U.S. at 94. It is with this understanding that the Court has reviewed the Complaint. I find that the Complaint, though perhaps wanting for factual detail, sufficiently states facts upon which relief may be granted. Congress passed the Truth in Lending Act to protect the unsophisticated consumer from unfair and inaccurate credit practices. *See* 15 U.S.C.A. § 1601; *Shepeard v. Quality Siding & Window Factory, Inc.*, 730 F. Supp. 1295, 1299 (D. Del. 1990); *see also Smith v. Fid. Consumer Disc. Co.*, 898 F.2d 896, 898 (3d Cir. 1990) (reasoning that TILA is a remedial statute that should be "liberally construed in favor of borrowers"). This same consumer should not be required to artfully plead a claim under the Act in order to surpass a motion to dismiss.

The matters raised in defense are fact-dependent. Whatever their validity, they run afoul of the principle that I must, on a motion to dismiss, take the allegations of the complaint as true. Before I deny Plaintiffs their day in Court, further development of the record is necessary. Once further factual development has occurred, this Court will be better equipped to determine the issues raised by Defendants, including any statute of limitations issues.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss, Docket Nos. 4, 6, and 7, are **DENIED.** An appropriate order follows.

_____
**KEVIN MCNULTY**
**United States District Judge**