UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

November 5, 2014

**LETTER OPINION & ORDER**

Re:   Verna Thomas and Mosell Thomas v. Jersey Mortgage Co., et al.
      Civil Action No. 2:13-cv-00648-KM-MAH

Dear Litigants:

Presently before the Court is Plaintiffs' April 21, 2014 Application for Pro Bono Counsel under 28 U.S.C § 1915(e)(1). See Application for Pro Bono Counsel, Apr. 21, 2014, D.E. 33. For the reasons set forth below, Plaintiffs' request is denied without prejudice.

**Background**

On January 31, 2013, Mosell and Verna Thomas ("Plaintiffs") filed their Complaint (D.E. 1, "Compl."), alleging that they were victims of various frauds surrounding a mortgage transaction. Compl. at ¶ III(C). Plaintiffs allege that upon arrival at the closing for their home, the representatives of Defendant Jersey Mortgage Company ("Jersey Mortgage") hired away their lawyer, and that the lawyer then asked Plaintiffs to sign documents that: (i) bound Plaintiffs to a higher interest rate on the note, and (ii) created higher closing costs. Id. Plaintiffs claim that these changed circumstances created a financially untenable situation, which eventually caused foreclosure on the property, and Plaintiffs' bankruptcy filing.

Plaintiffs seek relief under the Truth in Lending Act, federal and state statutes, and common law causes of action. See id. at ¶ II(B). Specifically, Plaintiffs seek: (i) a refund of their closing costs, (ii) a mortgage with a lower interest rate, and (iii) monetary damages to compensate for pain and suffering, which resulted from Plaintiffs' alleged financial hardship, including the loss of their good credit, and resulting other health issues. Id. at ¶ V. Aurora Loan Services LLC ("Aurora"), Seterus, and the Federal National Mortgage Association ("Fannie Mae") are also named as defendants due to their alleged roles either as purchasers or as servicers of the mortgage in question.

The Honorable Kevin McNulty granted Plaintiffs' request to proceed in forma pauperis. ("IFP"). See Order, Oct. 8, 2014, D.E. 49. In Plaintiffs' Application for Pro Bono Counsel, Mr. Thomas writes:

1

> I am 70 years old it is hard for me to get around and understand the court rules and [proceedings]. My wife is 69 years and under [a doctor's care]. We do not know the rules of evidence and discovery.

Application for Pro Bono Counsel at 3, D.E. 33. As to why they have been unable to obtain an attorney, Plaintiffs assert that they "do not [have] the money and . . . do not know who [handles] these types of cases." Id. at 4. Since the filing of the Application, Plaintiffs and the attorneys for Defendants have filed multiple motions and responses, met and conferred in person, filed a Joint Discovery Plan, and served Initial Disclosures pursuant to Fed. R. Civ. P. 26. See Pl.'s Opp. to Def.'s Motion to Dismiss, Apr. 16, 2013, D.E. 8; see also Pl.'s Ltr. Concerning Meet and Confer, Sept. 23, 2014, D.E. 43; Joint Discovery Plan, Sept. 25, 2014, D.E. 44; Def.'s Ltr. Concerning Meet and Confer, Sept. 25, 2014, D.E. 46; Pl.'s Initial Disclosures, Oct. 21, 2014, D.E. 50.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). See Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498.

In the Third Circuit, courts consider the framework established in Tabron to determine whether appointment of counsel is appropriate. See Johnson v. Stempler, 373 F. App'x 151, 154 (3d Cir. 2010). Under this framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Id. If the applicant's claim has some merit, the Court then considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58. This is a non-exhaustive list, intended to aid the Court in determining whether it is appropriate to appoint counsel. Carson v. Mulvihill, 488 F. App'x 554, 558 (3d Cir. 2012). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 158. Importantly, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499. Here, the Court assumes that Plaintiffs' claims have merit. However, consideration of the Tabron factors indicates that appointment is unwarranted at this time.

First, Plaintiffs seem able to present their case. When considering a party's ability to present his or her case, courts generally analyze a party's "education, literacy, prior work

experience, and prior litigation experience." Tabron, 6 F.3d at 156.  Here, Plaintiffs have proven sufficient in all areas.  For example, on Plaintiffs' IFP Application at Item 13, Mr. Thomas indicates he received a B.A. in 1969. D.E. 32.

In addition, this Court concludes that Plaintiffs are knowledgeable concerning the general subject matter, and the transactions at issue in the case.  For instance, they own two properties besides their personal home, which means that Plaintiffs have experience dealing with real estate negotiations and closings. See D.E. 33 at Item 5. Plaintiffs have also thus far presented their case through various court filings. See Pl.'s Opp. to Def.'s Motion to Dismiss, Apr. 16, 2013, D.E. 8. While they might lack formal legal training, Plaintiffs have filed and argued cases relating to this specific issue in multiple courts and jurisdictions. See D.E. 8, at 2-4; 8-12.

Furthermore, Plaintiffs have survived three motions to dismiss, proposed a pre-trial schedule, created a joint discovery plan with Defendants, and generally carried on this litigation for almost two years against represented defendants.  See Order Denying Def.'s Motions to Dismiss, Jan. 7, 2014, D.E. 16; see also Joint Discovery Plan, Sept. 25, 2014, D.E. 44. Therefore, the Court concludes that Plaintiffs are able and competent to argue their case, which weighs heavily against appointment of pro bono counsel. That Plaintiffs have prior experience with litigation weighs against appointment of counsel because it suggests that Plaintiffs are reasonably familiar with court rules and procedures, and that they appreciate what should be done in furtherance of their claims. See Gordon v. Gonzalez, 232 Fed. App'x 153, 157 (3d Cir. 2007) ("The numerous pro se filings in this case alone evince [the plaintiff's] familiarity with the legal system," which weighs against appointing counsel).

Second, the legal issues here are not complex enough to warrant pro bono counsel. Complexity would warrant appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156.  Under this factor, courts also consider the "proof going towards the ultimate issue and the discovery issue involved."  Parham, 126 F.3d at 459.  Plaintiffs' allegations, which are essentially allegations of fraud, and the violation of federal housing statutes, do not satisfy this Tabron factor. As a result, this factor weighs against appointment.

Third, there is nothing in the record indicating that Plaintiffs lack the ability to conduct a factual investigation of the legal claims at issue without the assistance of appointed counsel.  It appears that Plaintiffs know about most of the crucial events surrounding the allegedly improper real estate closing. Moreover, traditional discovery methods, with which Plaintiffs presumably have become more familiar during this case, can assist with any other important facts Plaintiffs require to prove the pending allegations. This factor therefore also weighs against appointment of pro bono counsel.

Fourth, it unclear that this case will weigh heavily on credibility determinations.  Because credibility of the parties is always critical, the Third Circuit has stated that when considering the appointment of counsel, "courts should determine whether the case is solely a swearing contest." Parham, F.3d at 460. Although Plaintiffs allege fraud, it is unclear whether these claims will

3

primarily rest on witness accounts, documentary evidence, or some combination thereof. Therefore, this factor does not weigh for or against appointment.

Fifth, Plaintiffs provide no indication that this case will require expert testimony. Here, Plaintiffs allege that Defendants committed fraud, and violated the Truth in Lending Act. Plaintiffs, however, provide no reason to believe that a jury would require expert testimony to understand the allegations. See Fed. R. Evid. 701 (noting that experts are qualified if they have "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue"); see also Montgomery, 294 F.3d at 504 (reasoning that "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").

Sixth, Plaintiffs' assertions regarding their inability to retain counsel are insufficient. The Court understands Plaintiffs' financial difficulties, and any resulting alleged physical harm that the events of this case may have caused. However, those circumstances alone are not enough for appointment. Being certified to proceed in forma pauperis meets a necessary condition for having counsel appointed, but even that it is not by itself sufficient. The Court requires more evidence of failure to obtain counsel, including any efforts that Plaintiffs have taken to find competent counsel. See Clinton v. Jersey City Police Dep't, No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors."). For this reason, this factor also weighs against appointment.

Ultimately, as set forth above, Plaintiffs have not satisfied any of the Tabron factors; therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. Cf. Parham, F.3d at 461 (finding appointment appropriate where most of the Tabron factors are met).

## Conclusion

For all of these reasons, the Court denies Plaintiffs' application of pro bono counsel without prejudice.

So Ordered,

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Date: November 5, 2014